1  Warrington S. Parker, III, SBN 148003
   WParker@crowell.com
2  Kimberley Johnson, SBN 317757
   KJohnson@crowell.com
3  Maria N. Sokova, SBN 323627
   MSokova@crowell.com
4  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
5  San Francisco, CA  94111
   Telephone: 415.986.2800
6  Facsimile: 415.986.2827

7  Attorneys for Defendant
   Palantir Technologies Inc.

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO/OAKLAND DIVISION

12  KATHLEEN LYNCH, an individual,          Case No.

13              Plaintiff,                  **DEFENDANT PALANTIR'S NOTICE OF
                                            REMOVAL OF ACTION PURSUANT TO
14       v.                                 28 U.S.C. SECTIONS 1332, 1441, AND 1446**

15  PALANTIR TECHNOLOGIES INC., a           [Defendant's Certification of Conflicts and
    Delaware Corporation; and DOES 1-25,    Interested Entities or Persons and Civil Cover
16  inclusive,                              Sheet filed concurrently herewith]

17              Defendants.                 On removal from California Superior Court for
                                            the County of Marin
18
                                            Case No. CV0001960
19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a), Defendant Palantir Technologies Inc. ("Palantir" or "Defendant") hereby removes this action, *Kathleen Lynch v. Palantir Technologies Inc. et al.*, Case No. CV0001960, from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California.

## PROCEDURAL BACKGROUND

1.      On or around February 1, 2024, Plaintiff Kathleen Lynch ("Plaintiff") filed a complaint against Palantir in the Superior Court of California for the County of Marin (the "Complaint").

2.      The Complaint alleges four causes of action for: (1) Age Discrimination (Cal. Gov't. Code § 12940(a)); (2) FEHA Retaliation (Cal. Gov't. Code § 12940(h)); (3) FEHA Failure to Prevent Harassment, Discrimination, or Retaliation (Cal. Gov't Code § 12940(k)); and (4) Wrongful Termination in Violation of Public Policy (*Tameny*).  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, as well as all papers served on Defendant in the action to date are attached hereto as **Exhibit 1**.

3.      Defendant has not yet answered or otherwise responded to the Complaint. Defendant expressly reserves the right to file any and all appropriate motions, including but not limited to a motion to compel arbitration, after removal to this Court.

## TIMELINESS OF REMOVAL

4.      Pursuant to 28 U.S.C. § 1446, a defendant desiring to remove a civil action from state court may do so by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty days of formal service of plaintiff's initial pleading. 28 U.S.C. § 1446(a) & (b).

5.      On February 8, 2024, Palantir was served via its statutory agent, C T Corporation System, with a copy of the Summons and Complaint. Palantir's removal of this action is therefore timely under 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of service of the Complaint.

**VENUE**

2    6.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and Civil

3    L.R. 3-2(d) because the United States District Court for the Northern District of California,

4    Division of San Francisco/Oakland is the federal judicial district encompassing the Superior

5    Court for the County of Marin County where this action was originally filed.

6    **DIVERSITY JURISDICTION**

7    7.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)

8    because there is complete diversity of citizenship between Plaintiff and Defendant and more than

9    $75,000, exclusive of interest and costs, is at stake.

10   8.    There is complete diversity between the Plaintiff and Defendant in this action

11   because Plaintiff Lynch and Defendant Palantir are citizens of different states. Defendant's

12   records indicate that Plaintiff is a resident of Larkspur, California. Plaintiff is therefore a citizen

13   of the State of California. Defendant is incorporated in Delaware and maintains its principal place

14   of business in Colorado. *See* Compl. ¶ 3. A corporation's principal place of business refers to "the

15   place where a corporation's officers direct, control, and coordinate the corporation's activities,"

16   or the corporation's "nerve center," which is practically and normally where it maintains its

17   headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Accordingly, Defendant is a

18   citizen of the States of Colorado and Delaware. The defendants sued as "DOES 1 through 25,

19   inclusive" are disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

20   9.    Based on the allegations in the Complaint, the alleged amount in controversy

21   exceeds $75,000. Where, as here, a plaintiff does not expressly plead a specific amount of

22   damages, a defendant is only required to show that the amount in controversy is more likely than

23   not to exceed the $75,000 jurisdictional requirement. *See Guglielmino v. McKee Foods Corp.*,

24   506 F.3d 696, 699 (9th Cir. 2007). Plaintiff alleges that her annual salary at the time of her

25   termination on June 12, 2023 was $235,000. Compl. ¶¶ 15, 22. Plaintiff alleges that as a result of

26   her wrongful termination, she has suffered economic harm including, *inter alia*, lost earnings. *Id.*

27   ¶ 50. The prorated value of Plaintiff's salary over the approximate 8.5 months since her discharge

28   is $166,458. Plaintiff additionally seeks non-economic, exemplary, and punitive damages. While

Palantir strongly denies that Plaintiff is entitled to recover any amount (or any other relief), for purposes of removal only, Palantir avers that the aggregated amount in controversy exceeds $75,000 and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

**<u>COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS</u>**

10.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the California Superior Court action are being filed with this Notice of Removal. Defendant is not aware of any process, pleadings, or orders besides that which have been attached hereto as **Exhibit 1**.

11.     Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

12.     A copy of this Notice will also be filed with the clerk of the Superior Court of the State of California for the County of Marin as required by 28 U.S.C. § 1446(d).

WHEREFORE, for all the above reasons, Palantir hereby removes this action from the Superior Court of California for the County of Marin to the United States District Court for the Northern District of California.

Dated:  March 8, 2024                                    CROWELL & MORING LLP


By: */s/ Warrington S. Parker III*
    Warrington S. Parker III

    Attorneys for Defendant
    Palantir Technologies Inc.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

# DEFENDANT'S INDEX OF EXHIBITS

| Exhibit # | Document Title | Pages |
|-----------|----------------|-------|
| 1 | All process, pleadings, and orders served on Defendant. | 6-25 |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

# EXHIBIT 1

 **Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**     Quynh Vu, Litigation Counsel
PALANTIR TECHNOLOGIES INC.
100 HAMILTON AVE STE 300
PALO ALTO, CA 94301-1651

**RE:**     **Process Served in California**

**FOR:**     Palantir Technologies Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KATHLEEN LYNCH, an individual // To: Palantir Technologies Inc. |
| **CASE #:** | CV0001960 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/08/2024 at 12:06 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Justin Laubach  jlaubach@palantir.com |
| | Email Notification,  Brendan Cooney  bcooney@palantir.com |
| | Email Notification,  John Lobato  jlobato@palantir.com |
| | Email Notification,  Tom Camilleri  tcamilleri@palantir.com |
| | Email Notification,  Sara Wilder  swilder@palantir.com |
| | Email Notification,  Tyrone Ignacio  tignacio@palantir.com |
| | Email Notification,  Ryan Taylor  rtaylor@palantir.com |
| | Email Notification,  Laura Personick  lpersonick@palantir.com |
| | Email Notification,  Allison Cheung  allisonc@palantir.com |
| | Email Notification,  Quynh Vu  quynhv@palantir.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Feb 8, 2024
**Server Name:**         Bruce Anderson

| Entity Served | PALANTIR TECHNOLOGIES INC. |
|---|---|
| Case Number | CV0001960 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** PALANTIR TECHNOLOGIES INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation; and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KATHLEEN LYNCH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Marin
**02/01/2024**
James M. Kim, Clerk of the Court
D. Harrison, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Marin 3501 Civic Center Drive San Rafael, California 94903 | **CASE NUMBER:** *(Número del Caso):* CV0001960 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JACHIMOWICZ LAW GROUP
1550 The Alameda, Suite 100, San Jose, California 95126          (408) 246-5500

DATE: **Feb 01 2024**          Clerk, by D. Harrison          , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).* James M. Kim / Clerk of Court

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PALANTAR Technologies Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2-01-24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

010

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
   relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CASE #:CV0001960 RECEIPT #: EJTI14960 DATE PAID : 02/1/24 1:48 PM TOTAL : 435.00 TYPE : EFT

Westlaw Doc & Form Builder™

**ELECTRONICALLY FILED**
Superior Court of California
County of Marin
**02/01/2024**
James M. Kim, Clerk of the Court
D. Harrison, Deputy

1  Joshua R. Jachimowicz, SBN 278316
2  josh@jachlawgroup.com
   JACHIMOWICZ LAW GROUP
3  1550 The Alameda, Suite 100
   San Jose, California 95126
4  Tel.: (408) 246-5500
   Fax: (408) 246-1051
5

6

7  Attorneys for Plaintiff,
   KATHLEEN LYNCH

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF MARIN

10
   KATHLEEN LYNCH, an individual,          Case No.  CV0001960
11
              Plaintiff,                   **PLAINTIFF KATHLEEN LYNCH'S**
12                                         **COMPLAINT FOR DAMAGES AND**
   v.                                      **INJUNCTIVE RELIEF FOR:**
13
   PALANTIR TECHNOLOGIES INC., a
14 Delaware Corporation; and DOES 1-25,    1.  Age Discrimination (Cal. Gov't. Code §
   inclusive,                                  12940(a));
15                                         2.  FEHA Retaliation (Cal. Gov't. Code §
              Defendants.                      12940(h));
16                                         3.  FEHA Failure to Prevent Harassment,
                                               Discrimination, or Retaliation (Cal. Gov't
17                                             Code § 12940(k)); and
18                                         4.  Wrongful Termination in Violation of
                                               Public Policy (*Tameny*).
19

20                                         **DEMAND FOR JURY TRIAL**

21         COMES NOW PLAINTIFF KATHLEEN LYNCH, by and through her attorneys

22 of record, and files this action against PALANTIR TECHNOLOGIES INC., and DOES

23 1-25, inclusive. All allegations are made on information and belief except those of which

24 PLAINTIFF KATHLEEN LYNCH has personal knowledge of because they relate

25 expressly to her.

26 ///

27 ///

28 ///

012

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

## GENERAL ALLEGATIONS JURISDICTION AND VENUE

1.      Jurisdiction and venue lie in the Superior Court of Marin because the breaches, acts, and omissions giving rise to liability occurred within the County of Marin, State of California.

2.      PLAINTIFF KATHLEEN LYNCH ("Plaintiff" or "Ms. Lynch") is a natural person that at all times relevant to this Complaint was employed by DEFENDANT PALANTIR TECHNOLOGIES INC.

3.      DEFENDANT PALANTIR TECHNOLOGIES INC. ("Defendant" or "Palantir") is a Delaware Corporation with its principal place of business located at 1200 17th Street, Floor 15 Denver, Colorado 80202. At all times relevant to this Complaint, Defendant employed Plaintiff.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein and DOES 1-25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when such information is ascertained.

5.      Plaintiff, on information and belief, thereon alleges that each of the fictitiously named Defendants, DOES 1-25, is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by Defendants, and each of them.

6.      Plaintiff on information and belief thereon alleges that, at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

7.      Plaintiff on information and belief and thereon alleges that, at all times herein mentioned, each Defendant herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other Defendant.

8.      Prior to filing this Complaint, Plaintiff exhausted her administrative remedies and obtained a Right-to-Sue letter from the California Department of Civil Rights

PLAINTIFF KATHLEEN LYNCH'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
2

013

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

## FACTUAL ALLEGATIONS

9.     Ms. Lynch is a sixty-seven-year-old woman born January 11, 1956. At all times relevant to her Complaint, Ms. Lynch was over the age of forty. Ms. Lynch possesses several years of executive and director level experience at a variety of large companies in analyst relations.

10.     In or around January 2021, Ms. Lynch began interviewing for a position at Palantir. During her interviews, Palantir, through its agents and employees, expressed its desire and need for Ms. Lynch to join its team due to Ms. Lynch's experience and background in analyst relations. Specifically, Palantir was looking for an individual to help drive and obtain positive reviews and awards for its artificial intelligence ("AI") technology.

11.     During the interview process with Palantir, Ms. Lynch met with Ms. Lisa Gordon ("Ms. Gordon") via Zoom. The meeting between Ms. Gordon and Ms. Lynch started off pleasant. However, the meeting drastically took a turn for the worse when Ms. Gordon asked Ms. Lynch about her age. Ms. Gordon wanted to know Ms. Lynch's exact age.

12.     Ms. Lynch, understandably taken aback, expressed skepticism and uncertainty answering Ms. Gordon's inappropriate and unlawful question.

13.     Ms. Lynch's reaction and opposition to answering Ms. Gordon's question was sufficiently obvious because Ms. Gordon attempted to minimize the harm by stating, "well alright it probably doesn't matter." The conversation between Ms. Gordon and Ms. Lynch ended shortly thereafter.

14.     Despite Ms. Gordon's unlawful inquiry into Ms. Lynch's age, she remained excited to join Palantir. Ms. Lynch felt and believed that her experience and network would result in Palantir obtaining its goals.

15.     On or around February 8, 2021, Ms. Lynch was hired by Palantir as the Global Head of Analyst Relations. At the time of her termination, Ms. Lynch was paid an annual salary of $235,000.

014

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

16.     Following her onboarding, Ms. Lynch immediately began utilizing her experience, connections, and resources to obtain reviews and awards of Palantir's technology. Ms. Lynch was instrumental in Palantir receiving positive reviews and awards from prominent companies putting Palantir's technology in the public view. These results were exactly what Palantir desired.

17.     Ms. Lynch continued performing her job duties well and received positive feedback from her colleagues. Although she never received a formal performance evaluation during her employment, Ms. Lynch was frequently told that she was performing well and helping Palantir reach its goals.

18.     In or around April 2023 Ms. Lynch reached out to Ms. Gordon to have a one-on-one meeting. The two met in Palo Alto, California over coffee. During the meeting the two discussed Palantir's growth and progress of its AI technology. Once again, Ms. Gordon pivoted the conversation and again began inquiring about Ms. Lynch's age.

19.     Ms. Gordon, seemingly remembering their last conversation, began asking Ms. Lynch about her plans for retirement, whether she was preparing to retire, or thinking about retiring. Ms. Lynch, having no previous thoughts or plans of retiring anytime soon, was visibly annoyed by Ms. Gordon's inquiries asked, "what does it matter?" The meeting between the two ended.

20.     Following their meeting, Ms. Lynch sent an email complaining of and resisting Ms. Gordon's inappropriate questions relating to her age. Ms. Lynch sent this email to Ms. Grace Neilsen ("Ms. Neilsen"). Thereafter Ms. Lynch left for Sweden and began working remotely.

21.     While working remotely in Sweden, Ms. Lynch fell very ill. She kept Palantir informed of her illness and inability to work. Ms. Lynch returned to the United States on or around May 13, 2023.

22.     While on sick leave Ms. Lynch was informed that she was terminated from her position, effective May 25, 2023. However, Ms. Lynch's physician had previously placed

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1    her on medical leave. In response, Palantir changed the date of her termination to June 12,

2    2023.

### FIRST CAUSE OF ACTION
### AGE DISCRIMINATION
[Cal. Gov't. Code § 12940(a)]
[As to Palantir Technologies Inc., and DOES 1-25]

5    As a first, separate, and distinct cause of action, Plaintiff complains against

6    Defendant Palantir Technologies Inc., and DOES 1-25, and for a cause of action alleges:

7    23.    Plaintiff re-alleges and incorporates paragraphs 1-22 as though set forth fully

8    herein.

9    24.    Defendant terminated Plaintiff's employment due to her age in violation of

10    California's Fair Employment and Housing Act ("FEHA").

11    25.    At time relevant to this Complaint, Plaintiff was employed by Palantir an entity

12    covered by California's FEHA.

13    26.    Defendant terminated Ms. Lynch's employment on or around June 12, 2023. At

14    the time of her termination, Ms. Lynch was over the age of forty ("40").

15    27.    Ms. Lynch's age was a substantial motivating reasons for Defendant's decision to

16    terminate her employment.

17    28.    As a proximate result of Plaintiff's termination, Plaintiff has suffered and

18    continues to suffer economic and non-economic harm, including but not limited to, lost

19    earnings and other employment benefits, loss of future employment benefits, including

20    insurance and pension, loss of medical insurance, humiliation, emotional distress, and

21    mental pain and anguish, tarnish to his professional reputation within the community, all

22    to his damage in an amount to be proven at trial. Plaintiff has also incurred and continues

23    to incur attorneys' fees and legal expenses in an amount according to proof at trial.

24    29.    Palantir's conduct was and is a substantial factor in the harm Plaintiff suffered and

25    continues to suffer.

26    30.    Palantir and DOES 1-25 committed these acts alleged herein fraudulently and

27    despicably with the wrongful intention of injuring Plaintiff. The conduct of Palantir and

28    DOES 1-25 is extreme and outrageous so as not to be tolerated by a civilized society.

PLAINTIFF KATHLEEN LYNCH'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
5

016

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

Plaintiff is entitled to punitive or exemplary damages in an amount sufficient to punish and deter Palantir and DOES 1-25 from this type of illegal conduct.

WHEREFORE Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### FEHA Retaliation
### [Cal. Gov't. Code § 12940(h)]
### [As to Palantir Technologies Inc., and DOES 1-25]

As a second, separate, and distinct cause of action, Plaintiff complains against Defendant Palantir Technologies Inc., and DOES 1-25, and for a cause of action alleges:

31. Plaintiff re-alleges and incorporates paragraphs 1-30 as though set forth fully herein.

32. Defendant retaliated against Plaintiff for her engaging in protected activity of opposing and complaining of Ms. Gordon's discriminatory inquiries into her age.

33. Due to Plaintiff's opposition and complaint against Ms. Gordon, Defendant retaliated against Ms. Lynch by terminating her employment.

34. Defendant's decision to retaliate against Plaintiff for engaging in protected activity, as described above, was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment.

35. As a proximate result of Plaintiff's termination, Plaintiff has suffered and continues to suffer economic and non-economic harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, tarnish to his professional reputation within the community, all to his damage in an amount to be proven at trial. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

36. Palantir's conduct was and is a substantial factor in the harm Plaintiff suffered and continues to suffer.

37. Palantir and DOES 1-25 committed these acts alleged herein fraudulently and despicably with the wrongful intention of injuring Plaintiff. The conduct of Palantir and

017

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

DOES 1-25 is extreme and outrageous so as not to be tolerated by a civilized society. Plaintiff is entitled to punitive or exemplary damages in an amount sufficient to punish and deter Palantir and DOES 1-25 from this type of illegal conduct.

WHEREFORE Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**Failure to prevent Harassment, Discrimination, or Retaliation**
**[Cal. Gov't. Code § 12940(k)]**
**[As to Palantir Technologies Inc., and DOES 1-25]**

As a third, separate, and distinct cause of action, Plaintiff complains against Defendant Palantir Technologies Inc., and DOES 1-25, and for a cause of action alleges:

38.     Plaintiff re-alleges and incorporates paragraphs 1-37 as though set forth fully herein.

39.     Defendant failed to take all reasonable steps to prevent the discrimination Plaintiff suffered as a result of her age.

40.     At all times relevant to this Complaint, Plaintiff was employed by Defendant a covered entity under California's FEHA.

41.     During her interview and course of employment Ms. Lynch was subjected to discrimination on the basis of her age.

42.     Palantir failed to take all reasonable steps to prevent the discrimination Ms. Lynch suffered as a result of her age.

43.     As a proximate result of Plaintiff's termination, Plaintiff has suffered and continues to suffer economic and non-economic harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, tarnish to his professional reputation within the community, all to his damage in an amount to be proven at trial. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

44.     Palantir's conduct of failing to take all reasonable steps to prevent the discrimination Plaintiff suffered due to her age was and is a substantial factor in the harm

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1  Plaintiff suffered and continues to suffer.

2  45.     Palantir and DOES 1-25 committed these acts alleged herein fraudulently and

3  despicably with the wrongful intention of injuring Plaintiff. The conduct of Palantir and

4  DOES 1-25 is extreme and outrageous so as not to be tolerated by a civilized society.

5  Plaintiff is entitled to punitive or exemplary damages in an amount sufficient to punish

6  and deter Palantir and DOES 1-25 from this type of illegal conduct.

7          WHEREFORE Plaintiff prays for relief as set forth below.

8                        **FOURTH CAUSE OF ACTION**
   **Wrongful Termination in Violation of Public Policy (*Tameny*)**
9          **[As to Palantir Technologies Inc., and DOES 1-25]**

10         As a fourth, separate, and distinct cause of action, Plaintiff complains against

11  Defendant Palantir Technologies Inc., and DOES 1-25, and for a cause of action alleges:

12  46.     Plaintiff re-alleges and incorporates paragraphs 1-45 as though set forth fully

13  herein.

14  47.     Plaintiff was terminated from her employment with Defendant for reasons that

15  violate California's public policy. It is a violation of public policy to terminate someone

16  from employment due to their age and for opposing inquiries into their age as contained

17  in California's FEHA.

18  48.     At all times relevant to this Complaint, Plaintiff was employed by Defendant a

19  covered entity under California's FEHA. In addition, at all times relevant to this

20  Complaint Plaintiff was over the age of forty ("40").

21  49.     Defendant terminated Plaintiff's employment due to her age and opposition to

22  Defendant's inquiries into her age. Defendant's decision to terminate Plaintiff's

23  employment was substantially motivated by Plaintiff's age and opposition.

24  50.     As a proximate result of Plaintiff's termination, Plaintiff has suffered and

25  continues to suffer economic and non-economic harm, including but not limited to, lost

26  earnings and other employment benefits, loss of future employment benefits, including

27  insurance and pension, loss of medical insurance, humiliation, emotional distress, and

28  mental pain and anguish, tarnish to his professional reputation within the community, all

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1  to his damage in an amount to be proven at trial. Plaintiff has also incurred and continues

2  to incur attorneys' fees and legal expenses in an amount according to proof at trial.

3  51.    Palantir's wrongful termination of Plaintiff in violation of public policy was and

4  is a substantial factor in the harm Plaintiff suffered and continues to suffer.

5  52.    Palantir and DOES 1-25 committed these acts alleged herein fraudulently and

6  despicably with the wrongful intention of injuring Plaintiff. The conduct of Palantir and

7  DOES 1-25 is extreme and outrageous so as not to be tolerated by a civilized society.

8  Plaintiff is entitled to punitive or exemplary damages in an amount sufficient to punish

9  and deter Palantir and DOES 1-25 from this type of illegal conduct.

10      WHEREFORE Plaintiff prays for relief as set forth below.

11                          **PRAYER FOR RELIEF:**

12      WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and

13  each of them, as follows:

14  1.    For an award of economic and non-economic damages;

15  2.    For exemplary and punitive damages in a constitutional amount;

16  3.    For cost of suit and attorneys' fees;

17  4.    For pre-judgment and post-judgment interest;

18  5.    For an injunction to enforce the requirements of the FEHA;

19  6.    For additional compensation or multiple thereof; and

20  7.    For such other and further relief as the court deems just and proper.

21                          **DEMAND FOR JURY TRIAL**

22      Plaintiff hereby demands a jury trial on all issues triable by a jury.

23  Dated: January 10, 2024          JACHIMOWICZ LAW GROUP

24

25

26                                   JOSHUA R. JACHIMOWICZ
                                     Attorneys for Plaintiff,
27                                   KATHLEEN LYNCH

28

---

PLAINTIFF KATHLEEN LYNCH'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9

020

| | |
|---|---|
| **Superior Court of the State of California**<br>**County of Marin**<br>3501 Civic Center Dr<br>PO Box 4988<br>San Rafael, CA 94913-4988 | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Marin<br>**02/01/2024**<br>James M. Kim, Clerk of the Court<br>D. Harrson, Deputy |
| Kathleen Lynch vs. Palantir Technologies, Inc. | |
| **Notice – Judicial Assignment** | **Case Number: CV0001960** |

**To All Parties and their Attorneys of Record:**

This case has been assigned to **Judge Sheila S. Lichtblau** for all purposes. All future hearings will be scheduled before this assigned Judge in **Courtroom H.**

**Notice:** This assignment for all purposes must be provided to all non-appearing parties by the moving party.

I am over the age of 18 years and not a party to the action above. My business address is 3501 Civic Center Dr, San Rafael, CA 94913.

On February 1, 2024, I served this **Notice – Judicial Assignment** on the interested parties in said action to the addresses indicated below:

Joshua Jachimowicz        Electronically Served CCP1013(g)

I declare under penalty of perjury, that the foregoing is true and correct.

**James M. Kim**
**Clerk of the Court and Executive Officer**
Superior Court of the State of California
County of Marin
By: D. Harrison, Deputy Clerk

Executed at San Rafael, California
On: February 1, 2024

021

| Superior Court of the State of California<br>County of Marin<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA 94913-4988<br><br>Kathleen Lynch vs. Palantir Technologies, Inc. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Marin<br>**02/01/2024**<br>James M. Kim, Clerk of the Court<br>D. Harrison, Deputy |
|---|---|
| **Notice – Case Management Conference – GC68600** | **Case Number: CV0001960** |

Pursuant to **Local Rule (LR) 2.3**, the **Plaintiff** must serve the following documents together with the complaint on all parties:

- Notice - Case Management Conference (a copy of this notice)
- Case Management Statement (Judicial Council Form CM-110)
- Notice of Settlement of Entire Case (Judicial Council Form CM-200)
- Alternative Dispute Resolution Informational Notice (CV006) together with the complaint on all parties.

1. The parties/counsel to this action shall comply with the filing and service deadlines in LR 2.5 and CRC3.110.
2. Parties must appear for: **Case Management Conference** on **June 20, 2024** at **9:00 am** in **Courtroom H.**
3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.
4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in issuance of sanctions.)**

I am a citizen of the United States. I am over the age of 18 years and not a party to the action above. My business address is 3501 Civic Center Dr, San Rafael, CA 94913. On February 1, 2024, I served this **Notice** on the interested parties in said action to the addresses indicated below:

Joshua Jachimowicz                    Electronically Served CCP1013(g)

I declare under penalty of perjury, that the foregoing is true and correct.

Executed at San Rafael, California
On: **February 1, 2024**

**James M. Kim, Clerk of the Court and Executive Officer**
Superior Court of the State of California, County of Marin
By: D. Harrison, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua R. Jachimowicz  SBN: 278316<br>JACHIMOWICZ LAW GROUP<br>1550 The Alameda, Suite 100, San Jose, California 95126<br>TELEPHONE NO.: (408) 246-5500  FAX NO.: (408) 246-1051<br>EMAIL ADDRESS: josh@jachlawgroup.com<br>ATTORNEY FOR *(Name)*: Kathleen Lynch | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Marin<br>**02/01/2024**<br>James M. Kim, Clerk of the Court<br>D. Harrison, Deputy |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, 94903
BRANCH NAME: Marin County Superior Court

CASE NAME: Lynch v. Palantir Technologies Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CV0001960 |
| --- | --- | --- |
| | | JUDGE: Lichtblau<br>DEPT.: H |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
| --- | --- | --- |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel
issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more
courts in other counties, states, or countries, or in a federal
court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
**4.** Number of causes of action *(specify)*: Four
**5.** This case [ ] is [X] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 01/10/2024
Joshua R. Jachimowicz
(TYPE OR PRINT NAME) ► _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

| **NOTICE** |
| --- |
| • Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed<br>under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.<br>• File this cover sheet in addition to any cover sheet required by local court rule.<br>• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to<br>the action or proceeding.<br>• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

Marin Superior Court Accepted through eDelivery submitted 02-01-2024 at 11:50:53 AM

CASE #:CV0001960 RECEIPT #: EJT114960 DATE PAID : 02/1/24 1:48 PM TOTAL : 435.00 TYPE : EFT



### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case.

## ADVANTAGES OF ADR

**Save Time**
A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money**
When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome**
In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships**
ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**
In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

024

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, **you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**